| TRANSFER OF JURISDICTION | DOCKET NUMBER *(Tran Court)* 3:04CR00705-001 |
|---|---|
| | DOCKET NUMBER *(Rec Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Lance Hague | DISTRICT NORTHERN DISTRICT OF OHIO | DIVISION Western |
|---|---|---|

**JUDGE ANDERSEN**

**MAGISTRATE JUDGE ASHMAN**

**08CR 301**

| | NAME OF SENTENCING JUDGE David A. Katz | 2008 APR 2 |
|---|---|---|
| | DATES OF SUPERVISED RELEASE FROM 11/08/2007   TO 11/07/2012 | |

OFFENSE

18 U.S.C. §§ 924(c) and 2 - Use of a Firearm During and in Relation to a Crime of Violence, Aiding and Abetting

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF OHIO</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

**FILED**

**APR 29 2008**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

*2/18/08*
_____
Date

_____
United States District Judge

\* This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Northern District of Illinois

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

*3/28/08*
_____
Effective Date

_____
*James F. Holderman*
United States District Judge

I hereby certify that this instrument,
document, no. _134_ filed on _4-29-08_ is a true
and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: *Barbara L. Burr*
Deputy Clerk

U.S. DISTRICT OF ILLINOIS

DATE   APR 21 2008

# United States District Court
### Northern District of Ohio

Geri M. Smith
Clerk of Court

Office of the Clerk
2-161 Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1830

(216) 357-7000

DATE: April 24, 2008

ADDRESS: Office of the Clerk
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

SUBJECT: Transfer of Probationer/Supervised Releasee

USDC Case No.: 3:04cr705

CASE NAME: USA v. Lance Hague

Dear Clerk:

On February 18, 2008, the Honorable David A. Katz, United States District Judge, entered an Order transferring the above-mentioned case to your Court. I am enclosing certified copies of our docket sheet, indictment, superseding indictment, second superseding indictment and J&C.

Please acknowledge receipt of these papers by returning a time-stamped copy of this letter in the enclosed envelope. Thank you.

Sincerely,

Geri M. Smith, Clerk

By: _Barbara L. Ben_
Deputy Clerk

U.S. Court House
568 Federal Building
2 South Main Street
Akron, OH 44308-1876
(330) 252-6000

114 U.S. Court House
1716 Spielbusch Avenue
Toledo, OH 43604-5385
(419) 213-5500

337 Thomas D. Lambros
Federal Building and U.S. Court House
125 Market Street
Youngstown, OH 44503-1787
(330) 884-7400

Termed

## U.S. District Court
## Northern District of Ohio (Toledo)
## CRIMINAL DOCKET FOR CASE #: 3:04-cr-00705-DAK-1

Case title: United States of America v. Hague et al

Date Filed: 02/04/2004
Date Terminated: 04/12/2005

Assigned to: Judge David A. Katz

### Defendant (1)

**Lance L. Hague**
*TERMINATED: 04/12/2005*

represented by **Spiros P. Cocoves**
610 Adams Street
Toledo, OH 43604
419-241-5506
Fax: 419-242-3442
Email: scocoves@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

18:924(c) and 2 Use and Carry a firearm
during and in relation to a crime of
violence
(1ss)

### Disposition

Committed to custody of Bureau of
Prisons for period of 60 months; Five
years supervised release with standard
and special conditions; No fine; Special
Assessment $100.00

### Highest Offense Level (Opening)

Felony

### Terminated Counts

18:924(c) and 2 Use of a Firearm
During and in Relation to a Crime of
Violence
(1-2)

18:924(c)and 2 Use of a Firearm During
and in Relation to a Crime of Violence
(1s-2s)

### Disposition

Dismissed upon motion by government

| | |
|---|---|
| 18:924(c) and 2 Possess a firearm in furtherance of a crime of violence (2ss) | Dismissed upon motion by government |
| 18:922(g)(1) and 2 Felon in Possession of a Firearm (3-4) | |
| 18:922(g)(1)and 2 Felon in Possession of a Firearm (3s-4s) | Dismissed upon motion by government |
| 18:924(c)and 2 Use and carry a firearm during and in relation to a crime of violence (3ss) | Dismissed upon motion by government |
| 18:924(c)and 2 Possess a firearm in furtherane of a crime of violence (4ss) | Dismissed upon motion by government |
| 26:5861(d) and 2 Possession of an Unregistered Firearm (5) | |
| 26:5861(d)and 2 Possession of an Unregistered Firearm (5s) | Dismissed upon motion by goverment |
| 18:922(g)and 2 Felon in possession of a firearm (5ss) | Dismissed upon motion by govermnent |
| 26:5861(d)and 2 Possession of an unregistered firearm (6ss) | Dismissed upon motion by goverment |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                    **Disposition**

None

**Plaintiff**

**United States of America**                    represented by    **Thomas O. Secor**
                                                                Office of the U.S. Attorney - Toledo
                                                                Northern District of Ohio
                                                                Ste. 308
                                                                Four SeaGate

Toledo, OH 43604
419-259-6376
Fax: 419-259-6360
Email: thomas.secor@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P. Weldon**
Office of the U.S. Attorney - Toledo
Northern District of Ohio
Ste. 308
Four SeaGate
Toledo, OH 43604
419-259-6376
Fax: 419-259-6360
Email: thomas.weldon@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/04/2004 | 🔘1 | Indictment as to Lance L. Hague (1) count(s) 1-2, 3-4, 5, Anthony I. Cobbler (2) count(s) 1-2, 3-4, 5, Roy E. Tuggle (3) count(s) 1-2, 3-4, 5. (Attachments: # 1 Designation Form) (N, D) (Entered: 02/06/2004) |
| 02/04/2004 | 🔘2 | Order Referring Case to Magistrate Judge Vernelis K. Armstrong as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle; Case referred for hearing and determination of all pretrial issues, filing of a Report and Recommendation, entry of an order, or such other action, as appropriate. Signed by Judge David A. Katz on 2/4/04. (N, D) (Entered: 02/06/2004) |
| 02/04/2004 | 🔘5 | Arrest Warrant Issued on 2/4/04 by Magistrate Judge Vernelis K. Armstrong as to Lance L. Hague. (N, D) (Entered: 02/06/2004) |
| 02/06/2004 | 🔘6 | Minutes of proceedings before Magistrate Judge Vernelis K. Armstrong.Arraignment as to Lance L. Hague. Defendant completed a financial affidavit and Court orders defendant is eligible for court appointed Spiros Cocoves; upon order of the court this case was unsealed; defendant waives the formal reading of and any defects in the indictment; defendant pleads not guilty to counts 1-5 in the indictment; pretrial motion deadline is 2/27/04; delay is deemed excludable from the Speedy Trial Act; open file case; government moves for detention; defendant consents to detention with right to reopen when conditions of release have been proposed to the court. (Court Reporter ECRO/Dianne Gowing) (N, D) (Entered: 02/06/2004) |
| 02/06/2004 | 🔘7 | Order: Based upon government's oral motion to unseal this case, it is ordered that case is now unsealed. Signed by Magistrate Judge Vernelis K. Armstrong on 2/6/04. (N, D) (Entered: 02/09/2004) |

| 02/06/2004 | ●8 | CJA 23 Financial Affidavit by Lance L. Hague (N, D) (Entered: 02/09/2004) |
|---|---|---|
| 02/10/2004 | ●9 | Arrest Warrant Returned Executed on 2/5/04 as to Lance L. Hague. (N, D) (Entered: 02/10/2004) |
| 02/26/2004 | ●13 | CJA 20 as to Lance L. Hague : Appointment of Attorney Spiros P. Cocove effective 2/26/04 Signed by Magistrate Judge Vernelis K. Armstrong (N, D) Modified on 4/22/2004 (N, D). (Entered: 03/02/2004) |
| 02/27/2004 | ●14 | Status Report by United States of America and Lance L. Hague; additional time required to complete discovery and plea negotiations; continue for 14 days. (N, D) (Entered: 03/02/2004) |
| 02/27/2004 | ●15 | Motion for Release from Custody with proposed conditions of release and request for hearing by Lance L. Hague. (N, D) (Entered: 03/02/2004) |
| 03/03/2004 | ●18 | Superceding Indictment as to Lance L. Hague (1) count(s) 1s-2s, 3s-4s, 5s, Anthony I. Cobbler (2) count(s) 1s-2s, 3s-4s, 5s, Roy E. Tuggle (3) count(s) 1s-2s, 3s-4s, 5s. (Attachments: # 1 Designation Form) (N, D) (Entered: 03/03/2004) |
| 03/04/2004 | ●19 | Minutes of proceedings before Judge Vernelis K. Armstrong.Arraignment as to Lance L. Hague (1) Count 1s-2s,3s-4s,5s held on 3/4/2004, Defendant pleads not guilty to counts 1-5 of the Superseding Indictment; Delay deemed excluded from the Speedy Trial Act; Open file case; Detention Hearing held on 3/4/2004; Testimony taken: Betty Dickerson; Government has met its burden of proof and orders that the defendant be detained. (Court Reporter ECRO/Dianne Gowing) (S, P A) (Entered: 03/04/2004) |
| 03/04/2004 | ●20 | Marginal Entry Order. The Court grants defendant's motion for a detention hearing which was held 3/4/2004 but denies 15 Motion for Release from Custody as to Lance L. Hague (1). Signed by Magistrae Judge Vernelis K. Armstrong on 3/4/2004. (S, P A) (Entered: 03/04/2004) |
| 03/05/2004 | ●27 | Order: Defendant Hague was arraigned on 3/4/04 and defendants Cobbler and Tuggle arraigned on 3/5/04; motion filing deadline/status report of 3/26/04 was set; delay is deemed excludable. Signed by Magistrate Judge Vernelis K. Armstrong on 3/5/05. (N, D) (Entered: 03/05/2004) |
| 03/22/2004 | ●30 | Motion to adopt motions of co-defendants by Lance L. Hague. (N, D) (Entered: 03/23/2004) |
| 03/22/2004 | ●31 | Motion to Suppress results of traffic stop of June 4, 2002 by Lance L. Hague. (N, D) (Entered: 03/23/2004) |
| 03/22/2004 | ●32 | Motion for the government to give notice of its intention to use evidence of other crimes, wrongs or bad acts by Lance L. Hague. (N, D) (Entered: 03/23/2004) |
| 03/26/2004 | ●39 | Motion to Suppress Evidence by Roy E. Tuggle (N, D) (Entered: 03/26/2004) |

| 03/29/2004 | ●40 | Order granting 30 defendant Lance Hague's Motion to adopt motions of co-defendants. Signed by Magistrate Judge Vernelis K. Armstrong on 3/29/04. (N, D) (Entered: 03/29/2004) |
| 04/02/2004 | ●43 | Response to defendant Lance Hague's request for notice of intent to use 404(b) evidence filed by United States of America 32 (Weldon, Thomas) Modified on 4/6/2004 (N, D). (Entered: 04/02/2004) |
| 04/05/2004 | ●47 | Notice of Hearing as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle Joint Suppression Hearing set for 4/19/2004 11:00 AM in Courtroom 312 before Magistrate Judge Vernelis K. Armstrong. (S, P A) (Entered: 04/05/2004) |
| 04/19/2004 | ●51 | Minutes of proceedings before Judge Vernelis K. Armstrong on Suppression Hearing as to Lance L. Hague & his co-defendants held on 4/19/2004 re 39 31 ; Testimony taken and exhibits offered and admitted; defendants request transcript; Transcript to be filed by 5/3/04; Defendants' briefs due 5/24/04, Government's brief due 6/7/04; Reply briefs due 6/14/04 (Court Reporter Rose Cannon) (Attachments: # 1 Exhibit & Witness List) (A, P) (Entered: 04/19/2004) |
| 04/20/2004 | ●54 | Order: Defendants' motions for notice of intent to use evidence 32 38 are granted and such notice shall be given to defendant two weeks prior to trial; defendant Tuggle's motions for discovery and for a written copy of the prosecutor's file are overruled as moot (Docket Nos 35 and 37)Signed by Magistrate Judge Vernelis K. Armstrong on 4/20/05. (N, D) (Entered: 04/20/2004) |
| 05/03/2004 | ●55 | Transcript of Proceedings as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle held on 4/19/04 before Magistrate Judge Armstrong. Re: Suppression Hearing. Court Reporter: Rose Cannon. (108 pgs) (N, D) (Entered: 05/04/2004) |
| 05/18/2004 | ●58 | Stipulation that automobile subject of traffic stop was operated by Roy Tuggle on 6/4/03 filed by Lance L. Hague and United States of America (N, D) (Entered: 05/18/2004) |
| 05/25/2004 | ●62 | Motion for Extension of Time until 6/7/04 to File post hearing brief by Lance L. Hague. (N, D) (Entered: 05/26/2004) |
| 06/01/2004 | ●63 | Motion to supplement proposed conditions of release by Lance L. Hague. (N, D) Modified on 8/16/2004, terming motion, see Order, Docket No. #66. (S, P A). (Entered: 06/02/2004) |
| 06/03/2004 | ●65 | Marginal Entry Order granting 62 Motion for Extension of Time to File Post-Hearing Brief regarding Suppression Hearing until 6/7/2004 as to Lance L. Hague (1). Signed by Magistrate Judge Vernelis K. Armstrong on 6/3/2004. (S, P A) Modified on 6/8/2004 (G, D). (Entered: 06/03/2004) |
| 06/03/2004 | ●66 | Order as to Lance L. Hague. Bond Review Hearing of 6/3/2004 is vacated. Hearing may be rescheduled upon defendant's request. . Signed by Magistrate Judge Vernelis K. Armstrong on 6/3/2004 (Related Doc # 63 ). |

|  |  | (S, P A) Modified on 8/16/2004 adding link (S, P A). (Entered: 06/03/2004) |
|---|---|---|
| 06/03/2004 | ●67 | Marginal Entry Order: Motion to extend Brief filing deadline to 6/7/2004 is granted 62 and the Government is granted until 6/14/2004 to file its Brief. Delay is deemed excluded from Speedy Trial Act in the Interest of Justice. . Signed by Magistrate Judge Vernelis K. Armstrong on 6/3/2004. (S, P A) (Entered: 06/03/2004) |
| 06/07/2004 | ●68 | Notice *of Manual Filing of Government's Memorandum in Opposition to defendants' motions to suppress evidence* by Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle (Weldon, Thomas) Modified on 6/10/2004 (G, D). (Entered: 06/07/2004) |
| 06/07/2004 | ●69 | Opposition by United States of America to defendants' motions to suppress evidence re 39 34 31 (Attachments: # 1 Exhibit)(N, D) (Entered: 06/08/2004) |
| 06/08/2004 | ●70 | Motion to adopt Anthony Cobbler's post hearing brief by Lance L. Hague. (N, D) (Entered: 06/09/2004) |
| 06/14/2004 | ●71 | Marginal Entry Order granting Defendant Lance L. Hague's 70 Motion to adopt Anthony Cobbler's post hearing brief. Signed by Magistrate Judge Vernelis K. Armstrong on 6/14/2004 (S, P A) (Entered: 06/14/2004) |
| 07/07/2004 | ●75 | Order as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle re Motions to Suppress 34 , 39 , 31 . The Government shall file a supplemental brief by 7/15/2004 and Defendants are granted leave to file supplemental briefs by 7/15/2004. Signed by Magistrate Judge Vernelis K. Armstrong on 7/7/2004. (S, P A) (Entered: 07/07/2004) |
| 07/15/2004 | ●76 | Supplement *Brief in accordance with Court's Order of July 7, 2004* as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle (Weldon, Thomas)(unsigned, filer notified) Modified on 7/16/2004 (R, Ci). (Entered: 07/15/2004) |
| 07/15/2004 | ●77 | Post Hearing Brief by Lance L. Hague (R, Ci) (Entered: 07/16/2004) |
| 07/22/2004 | ●78 | Report and Recommendation that motions to suppress be denied as to all defendants. Motion to suppress filed by Lance L. Hague 31 , motion to suppress filed by Anthony I. Cobbler 34 , motion to suppress filed by Roy E. Tuggle 39 , and motion to adopt Anthony Cobbler's post hearing brief filed by Lance L. Hague 70 . Signed by Judge Vernelis K. Armstrong on 7/22/04. (A, P) Modified on 7/22/2004 (L, V). (Entered: 07/22/2004) |
| 08/02/2004 | ●81 | Objections to Magistrate's re 78 Report and Recommendation by Lance L. Hague (N, D) (Entered: 08/03/2004) |
| 08/04/2004 | ●83 | Second Seperseding Indictment as to Lance L. Hague (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, Anthony I. Cobbler (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, Roy E. Tuggle (3) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss. (Attachments: # 1 Designation Form) (N, D) Modified on 8/23/2004 (N, D). (Entered: |

| | | 08/05/2004) |
|---|---|---|
| 08/09/2004 | 84 | Response to Lance L. Hague, Anthony I. Cobbler and Roy E. Tuggle's objections to Magistrate's Report and Recommendation. (Weldon, Thomas) Modified on 8/11/2004 (N, D). (Entered: 08/09/2004) |
| 08/11/2004 | 85 | Notice of Hearing. Summons Issued as to Lance L. Hague. Arraignment set for 8/18/2004 09:00 AM in Courtroom 312 before Magistrate Judge Vernelis K. Armstrong on the Superseding Indictment. (S, P A) Modified on 8/11/2004 (S, P A). (Entered: 08/11/2004) |
| 08/18/2004 | 88 | Minutes of proceedings before Magistrate Judge Vernelis K. Armstrong.Arraignment as to Lance L. Hague (1) Count 1ss-6ss held on 8/18/2004, not guilty plea entered on all counts. Motion filing deadline 8/27/2004; delay deemed excludable. Defendant detained(Court Reporter ECRO, Cindy Reynolds) (R, Ci) (Entered: 08/20/2004) |
| 08/20/2004 | 91 | Order as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle. Motion deadline/status report of 8/27/2004 was set. Delay excluded from the Speedy Trial Act. Signed by Magistrate Judge Vernelis K. Armstrong on 8/20/2004. (S, P A) (Entered: 08/20/2004) |
| 08/24/2004 | 92 | MEMORANDUM OPINION & ORDER Report & Recommendation adopted as the order of the Court. Denying 31 Motion to Suppress as to Lance L. Hague (1); denying 39 Motion to Suppress as to Lance L. Hague (1), Anthony I. Cobbler (2), Roy E. Tuggle (3); denying 34 Motion to Suppress as to Anthony I. Cobbler (2). Signed by Judge David A. Katz on 8/24/04. (G, C) (Entered: 08/24/2004) |
| 08/27/2004 | 93 | Motion to strike surplusage contained in the indictment by Lance L. Hague. (Cocoves, Spiros) Modified on 8/30/2004 (N, D). (Entered: 08/27/2004) |
| 09/21/2004 | 94 | Notice of Hearing as to Lance L. Hague Change of Plea Hearing set for 9/30/2004 11:30 AM before Hon. David A. Katz. (R, Ci) (Entered: 09/21/2004) |
| 10/07/2004 | 99 | Order granting defendant Roy E. Tuggle's Motions to Withdraw as Attorney by Charles E. Boyk 97 98 . Martin Mohler appointed to represent defendant. Motion filing deadline extended to 10/12/04. Signed by Judge Vernelis K. Armstrong on 10/7/04. (A, P) (Entered: 10/07/2004) |
| 12/15/2004 | 113 | Notice of Hearing as to all defts Lance L. Hague, Anthony I. Cobbler & Roy E. Tuggle Change of Plea Hearing set for 12/22/2004 11:00 AM in Courtroom 204 before Hon. David A. Katz. (B, C) (Entered: 12/15/2004) |
| 12/22/2004 | 114 | Minutes of proceedings before Judge David A. Katz.Change of Plea Hearing as to Lance L. Hague held on 12/22/2004. Defendant appeared with counsel. Defendant withdraws former plea of Not guilty and enters a plea of guilty to count 1 of superseding indictment. Written plea agreement executed. Plea of guilty accepted by the court. Defendant referred to USPO for presentence report. Detention continued. Written |

| | | |
|---|---|---|
| | | plea agreement accepted by the court. Term referral to Magistrate Judge. (Court Reporter Tracy Spore) (N, D) (Entered: 12/22/2004) |
| 12/22/2004 | ❶ | Case as to Lance L. Hague, Anthony I. Cobbler, Roy E. Tuggle no longer referred to Magistrate Armstrong (N, D) (Entered: 12/22/2004) |
| 12/22/2004 | ❶ | GuiltyPlea entered by Lance L. Hague (1) Guilty Count 1ss. (N, D) (Entered: 12/22/2004) |
| 12/22/2004 | ❶117 | Plea Agreement as to Lance L. Hague approved by Judge David A. Katz (N, D) Modified on 12/27/2004 (G, D). (Entered: 12/27/2004) |
| 03/08/2005 | ❶120 | Notice of Hearing as Lance L. Hague. Sentencing set for 4/11/2005 11:30 AM in Courtroom 204 before Hon. David A. Katz. (B, C) (Entered: 03/08/2005) |
| 04/11/2005 | ❶125 | Minutes of proceedings before Judge David A. Katz.Sentencing held on 4/11/2005 as to Lance L. Hague (1). Presentence report made a part of the record and ordered placed under seal, subject to access for appeal purposes. Defendant committed to custody of Breau of Prisons for term of 60 months on count 1 of superseding indictment. Five years supervised release with standard and special conditions; No fine; Special assessment $100.00. Counts 2,3,4,5 and 6 of superseding indictment and first specification dismissed upon motion by government. (Court Reporter April Metzler) (N, D) (Entered: 04/11/2005) |
| 04/12/2005 | ❶126 | Judgment as to Lance L. Hague (1), Count(s) 1ss, Committed to custody of Bureau of Prisons for period of 60 months; Five years supervised release with standard and special conditions; No fine; Special Assessment $100.00; Count(s) 2,3,4,5 and 6 Dismissed upon motion by government. Signed by Judge David A. Katz on 4/11/05. (N, D) Modified on 4/12/2005 (N, D). (Entered: 04/12/2005) |
| 05/18/2005 | ❶ | CJA 20 as to Lance L. Hague: Authorization to Pay Spiros P. Cocoves. Amount: $ 5,959.71, . Signed by Judge David A. Katz on 5/16/05. (R, Ci) (Entered: 05/18/2005) |
| 04/24/2008 | ❶134 | Probation Jurisdiction Transferred to U.S. District Court for the Northern District of Illinois as to Lance L. Hague Transmitted Transfer of Jurisdiction form, with certified copies of indictment, superseding indictment, second superseding indictment, judgment and docket sheet. (Attachments: # 1 Unredacted Document)(B,B) (Entered: 04/24/2008) |
| 04/24/2008 | ❶135 | Certified copies of the indictment, superseding indictment, second superseding indictment, J&C and docket were issued to the Clerk for the U.S. District Court for the Northern District of Illinois on 4/24/2008 as to Lance L. Hague (Related doc 134 ) (B,B) (Entered: 04/24/2008) |

I hereby certify that this instrument,
docume... _N/A_ ...led on _2-4-09_, is a true
and cor... ...e electronically filed original.
Attest: ... n, Clerk
U.S. District Court
Northern District of Ohio

By: _Barbara L. Bir_
Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **INDICTMENT** |
| Plaintiff, | | **3 : 04 CR705** |
| v. | | Cr. No. |
| | | Title 18, United States Code, |
| LANCE L. HAGUE, | : | Sections 924(c), 922(g)(1), |
| ANTHONY I. COBBLER, | | and Title 26, United States |
| ROY E. TUGGLE, | : | Code, Section 5861(d) and 2 |
| | | JUDGE DAVID A. KATZ |
| Defendants. | : | |

COUNT 1

The Grand Jury charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western

Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY E.

TUGGLE, did, during and in relation to a crime of violence for which they may be prosecuted

in a court of the United States, that is, delaying, obstructing or affecting commerce by

conspiring to rob an establishment engaged in interstate commerce, a violation of Title 18,

United States Code, Section 1951, knowingly use, carry and possess a firearm, that is: a

Harrington and Richardson model Sidekick 732, .32 caliber revolver, serial number AB35830;

in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT 2

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY E. TUGGLE, did, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an establishment engaged in interstate commerce, a violation of Title18, United States Code, Section 1951, knowingly use, carry and possess a firearm, that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial number B045654; in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT 3

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1); ANTHONY I. COBBLER, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Aggravated Robbery, in violation of Ohio Revised Code 2911.01(A)(1), and two counts of Kidnapping, in violation of Ohio Revised Code 2905.01(A)(2); and ROY E. TUGGLE, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Attempted Robbery, in violation of Ohio Revised Code Sections 2923.02 and 2911.02; possessed in and affecting commerce a firearm, that is: a Harrington and Richardson

2

model Sidekick 732, .32 caliber revolver, serial number AB35830; which had been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

COUNT 4

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1); ANTHONY I. COBBLER, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Aggravated Robbery, in violation of Ohio Revised Code 2911.01(A)(1), and two counts of Kidnapping, in violation of Ohio Revised Code 2905.01(A)(2); and ROY E. TUGGLE, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Attempted Robbery, in violation of Ohio Revised Code Sections 2923.02 and 2911.02; possessed in and affecting commerce a firearm, that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial number B045654; which had been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

Count 5

The grand jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY E.

3

TUGGLE, knowingly and unlawfully possessed a firearm, as described in Title 26, United

States Code, Section 5845(a)(2), that is: a Stevens model 311, 12 gauge double-barreled

shotgun, serial number B045654, a weapon made from a shotgun, with an overall length of less

than 26 inches and a barrel of less than 18 inches in length, which was not registered to them in

the National Firearms Registration and Transfer Record, in violation of Title 26, United States

Code, Sections 5841, 5861(d), and 5871 and 2.

                                        A True Bill.


GREGORY A. WHITE
UNITED STATES ATTORNEY


I hereby certify that this instrument,
document no. ___1___, filed on _2-4-04_ is a true
and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _Barbara L. Bin_
Deputy Clerk

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,           :           S U P E R C E D I N G
                                                I N D I C T M E N T

                    Plaintiff,      :

        v.                          :

                                    :           Cr. No.   3:04CR705
                                                Title 18, United States Code,
LANCE L. HAGUE,                     :           Sections 924(c), 922(g)(1),
ANTHONY I. COBBLER,                             and Title 26, United States
ROY TUGGLE,                         :           Code, Section 5861(d) and 2

                    Defendants.     :           JUDGE DAVID A. KATZ

## COUNT 1

The Grand Jury charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western

Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE,

did, during and in relation to a crime of violence for which they may be prosecuted in a court of

the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an

establishment engaged in interstate commerce, a violation of Title 18, United States Code,

Section 1951, knowingly use, carry and possess a firearm, that is: a Harrington and Richardson

model Sidekick 732, .32 caliber revolver, serial number AB35830; in violation of Title 18,

United States Code, Sections 924(c) and 2.

## COUNT 2

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, did, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an establishment engaged in interstate commerce, a violation of Title18, United States Code, Section 1951, knowingly use, carry and possess a firearm, that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial number B045654; in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT 3

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1); ANTHONY I. COBBLER, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Aggravated Robbery, in violation of Ohio Revised Code 2911.01(A)(1), and two counts of Kidnapping, in violation of Ohio Revised Code 2905.01(A)(2); and ROY TUGGLE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01; possessed in and affecting commerce a firearm, that is: a Harrington and Richardson model Sidekick 732, .32

2

caliber revolver, serial number AB35830; which had been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

COUNT 4

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1); ANTHONY I. COBBLER, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Aggravated Robbery, in violation of Ohio Revised Code 2911.01(A)(1), and two counts of Kidnapping, in violation of Ohio Revised Code 2905.01(A)(2); and ROY TUGGLE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01; possessed in and affecting commerce a firearm, that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial number B045654; which had been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

Count 5

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, knowingly and unlawfully possessed a firearm, as described in Title 26, United States Code, Section 5845(a)(2), that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial

3

number B045654, a weapon made from a shotgun, with an overall length of less than 26 inches

and a barrel of less than 18 inches in length, which was not registered to them in the National

Firearms Registration and Transfer Record, in violation of Title 26, United States Code,

Sections 5841, 5861(d), and 5871 and 2.

A True Bill.

_____
Foreperson

GREGORY A. WHITE
UNITED STATES ATTORNEY

I hereby certify that this instrument,
document no. _18_, filed on _3-3-09_ is a true
and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

4

ORIGINAL

FILED

04 AUG -4  PM 3: 35

NORTHERN DISTRICT
TOLEDO      OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　:

　　　　　　　Plaintiff,　　　　　　:

　　v.　　　　　　　　　　　　　　:

LANCE L. HAGUE,　　　　　　　　:
ANTHONY I. COBBLER,
ROY TUGGLE,　　　　　　　　　　:

　　　　　　　Defendants.　　　　:

**S U P E R S E D I N G
<u>I N D I C T M E N T</u>**

Cr. No. _3:04CR705_____

Title 18, United States Code,
Sections 924(c), 922(g)(1),
and Title 26, United States
Code, Section 5861(d) and 2



JUDGE DAVID A. KATZ

<u>COUNT 1</u>

The Grand Jury charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western

Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE,

did, during and in relation to a crime of violence for which they may be prosecuted in a court of

the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an

establishment engaged in interstate commerce, a violation of Title 18, United States Code,

Section 1951,  knowingly use and carry a firearm, that is:  a Harrington and Richardson model

Sidekick 732,  .32 caliber revolver, serial number AB35830;  in violation of Title 18, United

States Code, Sections 924(c) and 2.

## COUNT 2

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, did, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an establishment engaged in interstate commerce, a violation of Title 18, United States Code, Section 1951, knowingly possess a firearm, that is: a Harrington and Richardson model Sidekick 732, .32 caliber revolver, serial number AB35830; in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT 3

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, did, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an establishment engaged in interstate commerce, a violation of Title18, United States Code, Section 1951, knowingly use and carry a firearm, that is: a short-barreled Stevens model 311, 12 gauge shotgun, serial number B045654; in violation of Title 18, United States Code, Sections 924(c) and 2.

2

## COUNT 4

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, did, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, delaying, obstructing or affecting commerce by conspiring to rob an establishment engaged in interstate commerce, a violation of Title 18, United States Code, Section 1951, knowingly possess a firearm, that is: a short-barreled Stevens model 311, 12 gauge shotgun, serial number B045654; in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT 5

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, having been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Aggravated Robbery, in violation of Ohio Revised Code Section 2911.01(A)(1); ANTHONY I. COBBLER, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Aggravated Robbery, in violation of Ohio Revised Code 2911.01(A)(1), and two counts of Kidnapping, in violation of Ohio Revised Code 2905.01(A)(2); and ROY TUGGLE, having been convicted of crimes punishable by terms of imprisonment exceeding one year, that is: two counts of Attempted Robbery, in violation of Ohio Revised Code Sections 2923.02 and 2911.02; possessed in and affecting commerce a firearm, that is: a Harrington and Richardson

3

model Sidekick 732, .32 caliber revolver, serial number AB35830; which had been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

## COUNT 6

The Grand Jury further charges that:

On or about the 4th day of June 2003, in the Northern District of Ohio, Western Division, the Defendants LANCE L. HAGUE, ANTHONY I. COBBLER and ROY TUGGLE, knowingly and unlawfully possessed a firearm, as described in Title 26, United States Code, Section 5845(a)(2), that is: a Stevens model 311, 12 gauge double-barreled shotgun, serial number B045654, a weapon made from a shotgun, with an overall length of less than 26 inches and a barrel of less than 18 inches in length, which was not registered to them in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871 and 2.

## SPECIFICATIONS

The Grand Jury further charges pursuant to Section 4A1.1(d) of the U.S.S.G. that:

1. With respect to each count in the indictment the defendant, LANCE L. HAGUE committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

2. With respect to each count in the indictment the defendant, ANTHONY I. COBBLER committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

4

3.  With respect to each count in the indictment the defendant, ROY TUGGLE

committed the instant offense while under any criminal justice sentence, including probation,

parole, supervised release, imprisonment, work release, or escape status.

A True Bill.

Foreperson.

THOMAS A. KAROL
ACTING SUPERVISORY ASSISTANT
UNITED STATES ATTORNEY

I hereby certify that this instrument,
document no. __83__, filed on __3-4-04__, is a true
and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: _____
Deputy Clerk

5

AO 245B                                                    (Rev. 12/03) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### Northern District of Ohio
### Western Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| **Lance L. Hague,** | **Case Number: 3:04cr705-01** |
| | USM Number: 43242-060 |
| | Defendant's Attorney: Spiros Cocoves |
| | Court Reporter: April Metzler |

**THE DEFENDANT:**

pleaded guilty to count 1 of Superseding Indictment which was accepted by the Court.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 924(c) and 2 | Use of a Firearm During & in Relation to a Crime of Violence, Aiding & Abetting | 6/4/2003 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The specification under Count 1, Counts 2, 3, 4, 5 and 6 are dismissed upon motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/11/2005

Date of Imposition of Judgment

I hereby certify that this instrument, document no. _126_, filed on _4-12-05_ is a true and correct copy of the electronically filed original.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

Signature of Judge

4/11/05

Date

By: _____
Deputy Clerk

page 1 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months.**

The court makes the following recommendations to the Bureau of Prisons: **that the defendant be designated to FCI in Milan, Michigan, which is closest to his family or in the alternative, FCI, Lexington, Kentucky or FCI, McKeon, Pennsylvania.**

**X**    **The defendant is remanded to the custody of the United States Marshal.**

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    a.m.    ☐    p.m.    on                          .

    ☐    as notified by the United States Marshal.

    ☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on                .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____ _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By: _____
          DEPUTY UNITED STATES MARSHAL

page 2 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

**The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime.**

**The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

☐    The above drug testing condition is suspended, based on the court's determination that the defendant posses a  low risk of future substance abuse. (Check, if applicable.)

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

X    **The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)**

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

page 3 of 6

## SPECIAL CONDITIONS OF SUPERVISION

__X__   **The defendant shall provide the probation officer with access to any requested financial information.**

_____   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

_____   The defendant shall reside in a community treatment center, halfway house, or similar facility of a period of days/months to begin not later than _____. (Work/medical release privileges granted).

_____   The defendant shall participate in the Home Confinement Program (with / without) electronic monitoring for a period of _____ days/months, beginning no later than _____ calendar days _____ The defendant is required to remain at his/her residence unless given written permission to be elsewhere. The defendant may leave his/her residence to work, to receive medical treatment and to attend religious services. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures and submit to random drug/alcohol test as specified by the Probation Officer. The defendant may participate in the Earned Leave Program. The defendant (is / is not) to pay the cost of the program. Payment is to be made as directed by the Supervising Home Confinement Officer.

_____   The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment of alcohol and/or drug dependency which will include testing to determine if the defendant has reverted to the use of alcohol and/or drugs.

__X__   **The defendant shall participate in an outpatient mental health treatment program as directed by the Probation Office.**

_____   The defendant shall surrender to U.S. Immigration and Naturalization Service for deportation as provided by law, and shall not illegally re-enter or remain in the United States.

_____   The defendant shall not associate with any members of the _____ gang or any other gang or threat group as directed by the probation officer.

_____   The defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purposes of conducting a more thorough inspection and will consent to having installed on your computer(s), at your expense, any hardware/software to monitor your computer use or prevent access to particular materials. The defendant consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

_____   The defendant shall provide the U.S. Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by you; and your Internet Service Provider(s) and will abide by all rules of the Computer Restriction and Monitoring Program.

__X__   **The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, failure to submit to a search may be grounds for revocation, the defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.**

_____   The defendant shall perform _____ hours of community service as directed by the Probation Officer.

_____   The defendant shall participate in, and successfully complete, a cognitive restructuring program as instructed by your Probation Officer.

_____   The defendant shall reside and participate in a residential drug treatment program as instructed by your Probation Officer, until discharged by the facility and as approved by your Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $0.00 | $ n/a |

☐     The determination of restitution is deferred until ____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ | |

☐     Restitution amount ordered pursuant to plea agreement  $

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐     the interest requirement is waived for the    ☐   fine    ☐   restitution.

  ☐     the interest requirement for the    ☐   fine    ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A      **Special assessment of $100.00 is due in full immediately as to Count 1 of the Superseding Indictment.**

B      **Restitution: n/a**

C      **Fine: Based on a review of the defendant's financial condition as set forth in the presentence report, the Court finds that the defendant does not have the ability to pay a fine. The Court waives the fine in this case.**

**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT, 1716 Spielbusch, Avenue, Toledo, Ohio 43624.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐      Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐      The defendant shall pay the cost of prosecution.

☐      The defendant shall pay the following court cost(s):

☐      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

  X     Fine is waived or below the guideline range because of the defendant's inability to pay.

page 6 of 6